Evans, J.
delivered the opinion of the Court.
If the note was payable to the plaintiffs, on a contract made with them, then they did not sue in their representative character, and profert of their letters of administration was unnecessary. It would be equally unnecessary if the note was payable to the estate. The plaintiffs, by proper averments, must shew their title to the note, and that they were entitled to receive the money. Profert is never necessary except where the cause of action accrued to the intestate ox testator. This shews that even if the demurrer had been putin before the order for judgment by default was given, it could not •have availed the defendant. But on the 2d ground 1 think the Circuit Court was equally right in ordering the demurrer to be stricken out. Under the 2d rule of Court where a case is on the inquiry docket, for want of plea, the defendant may vacate the judgment on motion, “ on payment of the plaintiff’s costs in obtaining such order, the defendant at the samez time pleading an issuable plea and submitting to such terms as the Court upon the merits shall see fit to impose.” An issuable plea I suppose must mean such plea as tenders, or necessarily tends or leads to, an issue on the merits of the case, either of law or fact. It is not a plea which produces mere delay. The case of McFarland v. Dean, quoted by the Circuit Judge, shews that a special demurrer does not conclude the case. If it be to the declaration, the plaintiff will be allowed to amend on payment of costs; and if it be to the plea, the defendant is ordered to plead over. In the case of Lawtitles v. Gaillard, it was decided in the King’s Bench that the defendant when under the terms of pleading issuably, cannot demur specially to the replication, and if he does, the plaintiff may sign judgment. Abbott, C. J. said, “ where the party has obtained time on the terms of pleading issuably, and by his plea fails to bring the merits of the case, or some fact or principle of law arising upon the facts, in issue, he does not comply with the order.”
We think it clear that a special demurrer is not an issuable plea, and that the Circuit Court was right in ordering it to be stricken out.
The motion is dismissed.
*486 Richardson, J. — O’Neall, J. — Wardlaw, J. — and Frost, J. — concurred.

Motion refused. J